Johnson, J.
delivered the opinion of the Court.
Two questions are raised in this case: 1st. Whether Beck, the payee of the note, was a competent witness, to prove the want of consideration: 2d. Whether that evidence was admissible, without previous notice to the defendant. By referring to the cases upon which the objection to the competency'of Beck rests, it will be seen, that it is founded on the impropriety of ad *149 mitting one who has given currency to a negotiable security, to impeach its validity. The rule cannot, therefore, apply to the case where the witness has derived no benefit, and has had no agency, in the security into circulation. The evidence offered here, was not only, that the note was without conside-' ration, which was known to Cheney, but that Beck had not given it currency; and, on that ground, I think, he was competent. He was competent, also, on the broad ground, that he would not have been disqualified, if he had put the note into circulation, and, for this, it is only necesssary to refer to the case of Packhard v. Knight, 3 M’C. 71, where the casts are all reviewed. In one shape or other, the question had frequently arisen, and notwithstanding the Court was always inclined to that conclusion, it was waived on account of the doubts involved in it, until it was directly brought up in that case, and since that time it has been almost universally acquiesced in by the profession, and is now regarded as definitively,settled.
The rule in Patterson v. Hardacre, 4 Taunt. 114, and followed by this Court in Mims v. Whidden, 2 Bailey, 451, is salutary, and ought to be preserved. The possession of a negotiable paper, is prima facie evidence that the holder came fairly by, and paid value for it, and without notice, he would be exposed to surprise by evidence that he had not paid value, and the object of the ruléis to guard against this consequence. But there is a feature in this case which steers clear of the operation of the rule.
Any alteration of a written security in a material part renders it altogether void, (Stagg v. Pepoon, 1 Nott & McCord, 102) unless it is accounted for. As originally written, this note was payable a thousand years hence, and unexplained one would reasonably conclude, that it was a mistake which sufficiently explained itself. But the evidence offered, went to show that there was no mistake, and that the undertaking expressed on the note, was precisely what was intended. In other words the maker intended, (if he thought at all) to make a note the payment of which would be *150 impracticable from the length of time to which it was postponed. Cheney himself altered it, and how is it possible that he could be surprised by proof of a fact which he was the sole actor, a fact too which he must have known vitiated the note. Suppose he had forged the note, would it ever have occurred to any one, that under the rule it was necessary to give notice of that defence. I think not, and yet the cases are precisely analogous.
Smith, Atto. Geni, for the motion.
Frost, contra.

Motion granted.

O’Neall J. concurred.
Harper J. absent.